**IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JOHN MILO KEE | ) | |
| *and* | ) | |
| LISA KEE | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| STEPHEN CHARLES LACHLER, | ) | |
| **Serve at:** | ) | **JURY TRIAL DEMANDED** |
| 7 Bailey Street | ) | |
| Farmington, MO 63640 | ) | |
| | ) | **AMOUNT IN CONTROVERSY** |
| *Defendant*. | ) | **EXCEEDS $25,000.00** |
| | ) | |

**PETITION**

COME NOW Plaintiffs John M. Kee & Lisa Kee, by and through undersigned counsel, and for their Petition against Defendant Stephen C. Lachler, state as follows:

**COUNT I – NEGLIGENCE**

1. Plaintiffs John M. Kee & Lisa Kee are individuals and residents of St. Francois County, State of Missouri.

2. Defendant Stephen C. Lachler is an individual and a resident of St. Francois County, State of Missouri.

3. This cause of action arises out of a vehicle collision that occurred on or about November 19, 2021, in unincorporated St. Francois County, State of Missouri, on US 67 Highway, southeast of the Fairground Road exit ramp, an open and public thoroughfare and roadway in St. Francois County, State of Missouri.

4. On or about November 19, 2021, Plaintiff John Kee was operating his motor vehicle Northbound on US 67 Highway in the righthand lane.

5. At said time and place, Defendant was operating his motor vehicle northbound on US 67 Highway in the lefthand "passing" lane.

6. At said time and place, Defendant had a duty to use reasonable care in the operation of his vehicle for the safety of others, including Plaintiff John Kee.

7. At said time and place, Defendant Mueller caused, allowed, or failed to prevent his vehicle from violently colliding with the left rear side of Plaintiff John Kee's vehicle, pushing Plaintiff's vehicle across traffic into cable barriers lining the left side of the interstate, then back across the highway finally coming to rest on the righthand side of the highway.

8. Plaintiff John Kee's body was shaken violently inside his vehicle as a result of said collision causing injury to Plaintiff's head, face, left shoulder and left arm, against the interior of his vehicle.

9. Said collision occurred as a direct and proximate result of the negligence and carelessness of Defendant in one or more of the following respects, to wit:

a. Defendant operated their motor vehicle without keeping a proper and sufficient lookout;

b. Defendant proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the public highway, all of which endangered the safety of persons or property, including Plaintiff;

c. Defendant failed to decrease speed so as to avoid colliding with the vehicle driven by Plaintiff;

d. Defendant failed to stop their vehicled when danger was imminent so as to avoid striking the vehicle driven by Plaintiff;

e. Defendant failed to come to a complete stop behind signs controlling their respective lanes of traffic;

f. Defendant failed to yield to right of way of other drivers, including Plaintiff;

g. Defendant failed to maintain proper control of the vehicle at all times and specifically, at the time of the incident described hereinabove;

h. Defendant negligently operated a vehicle on the roadways of this state with defective or malfunctioning equipment and/or,

i. Defendant otherwise carelessly and negligently and improperly drove and operated their vehicles.

10. As a direct and proximate result of the negligence of Defendant as aforesaid, and the collision which resulted, Plaintiff John Kee sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his future duties and affairs and has lost and will in the future lose value of that time. Plaintiff also suffered great pain and mental anguish of both mind and body and will in the future continue to suffer.

11. As a direct and proximate result of the carelessness and negligence Defendant, and the collision which resulted, Plaintiff John Kee has incurred medical expenses and has been caused to undergo medical and psychological treatment and will in the future be caused to undergo medical and psychological treatment in an attempt to become whole in an amount presently undetermined, but exceeding $25,000.00, has lost wages and will lose wages in the future in amounts presently undetermined, and has suffered property damage, all due

to the Plaintiff's injuries.

12. There is now due Plaintiff John Kee from Defendant a sum exceeding Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff John Kee prays for judgment against Defendant, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), that will fairly and reasonably compensate him for his injuries, for the losses he sustained and will sustain in the future, for medical bills he has sustained and will sustain in the future, for the pain, suffering and restricted bodily movement he has sustained and will sustain in the future, for the costs of these proceedings and for such other and further relief as the Court deems just and equitable.

## COUNT II – NEGLIGENCE PER SE

13. Plaintiffs re-allege and incorporate by reference paragraphs 1-12 above, as though fully set forth herein.

14. Defendant Lachler, at the said time and place of the aforesaid car crash, was operating his motor vehicle in the lefthand, "passing" lane.

15. Section 304.014 RSMo declares that "Every person operating or driving a vehicle upon the highways of this state shall observe and comply with" all of the rules in section 304.001 et seq., including section 304.281(3)(a).

16. Section 304.015.6 RSMo states, in pertinent part, that

> All vehicles in motion upon a highway having two or more lanes of traffic proceeding in the same direction shall be driven in the right-hand lane except when overtaking and passing another vehicle or when preparing to make a proper left turn or when otherwise directed by traffic markings, signs or signals.

17. Defendant Lachler was in violation of section 304.281(3)(a) to wit: Defendant was

not overtaking or passing another vehicle; defendant was not making a proper left turn; and Defendant was not otherwise directed by traffic markings or signals to occupy the left lane, nor to merge into the lane occupied by Plaintiff John M. Kee's vehicle.

18. Plaintiff John M. Kee is a member of the class of persons intended to be protected by the enactment of section 304.001 et seq., in that he was a person who was operating a vehicle upon the highways of this state.

19. Section 304.015.6 was a statute designed to control the rights-of-way regarding the use of lanes on roadways with multiple lanes, in order to prevent or protect against vehicular crashes such as the one in this case.

20. The injuries that Plaintiff suffered, that Defendant proximately caused by violation of the said statue, are the types of injuries that section 304.015.6 was designed to prevent.

21. The direct and proximate cause of Plaintiffs injuries was the violation of section 304.015.6 by defendant when he disregarded the rules of the road by occupying the lefthand lane, causing his vehicle to impact Plaintiff John M. Kee's vehicle.

22. As a direct and proximate result of the law violation of Defendant, and the collision which resulted, Plaintiff John M. Kee has incurred medical expenses and has been caused to undergo medical and psychological treatment and will in the future be caused to undergo medical and psychological treatment in an attempt to become whole in an amount presently undetermined, but exceeding $25,000.00, has lost wages and will lose wages in the future in amounts presently undetermined, and has suffered property damage, all due to the Plaintiff's injuries.

23. There is now due Plaintiff John M. Kee from Defendant a sum exceeding Twenty-Five Thousand Dollars ($25,000.00).

Electronically Filed - ST. FRANCOIS - December 21, 2023 - 11:24 AM

WHEREFORE, Plaintiff John M. Kee prays for judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), that will fairly and reasonably compensate him for his injuries, for the losses he sustained and will sustain in the future, for medical bills he has sustained and will sustain in the future, for the pain, suffering and restricted bodily movement he has sustained and will sustain in the future, for the costs of these proceedings and for such other and further relief as the Court deems just and equitable.

## **COUNT III – LOSS OF CONSORTIUM**

24. Plaintiff Lisa Kee realleges and incorporates by reference all allegations contained in Paragraphs 1 through 23 above as though fully set forth herein.

25. At all relevant times, Plaintiffs John M. Kee & Lisa Kee were husband and wife.

26. At all relevant times, Plaintiffs resided together.

27. At all relevant times, as husband to Plaintiff Lisa Kee, John M. Kee had a duty to perform services for her including, but not limited to: assisting and maintaining the home, participating in family, recreational or social activities, and providing love, companionship, affection, sexual relations, moral support and contribute to the household income.

28. Before suffering the foregoing injuries, John M. Kee was able to, and did, perform services for Plaintiff Lisa Kee including, but not limited to: assisting and maintaining the home, participating in family, recreational or social activities, and providing love, companionship, affection, sexual relations, moral support and contribute to the household income.

29. As a direct and proximate result of the foregoing injuries, John Kee has been unable to

fully perform the perform services for her including, but not limited to: assisting and maintaining the home, participating in family, recreational or social activities, and providing love, companionship, affection, sexual relations, moral support and contribute to the household income.

30. As a direct and proximate result of the foregoing injuries, John M. Kee has since been unable to fully perform services for Plaintiff Lisa Kee that he previously performed including, but not limited to: assisting and maintaining the home, participating in family, recreational or social activities, and providing love, companionship, affection, sexual relations, moral support and contribute to the household income.

31. As a direct and proximate result of Defendant's misconduct, Plaintiff Lisa Kee has been deprived and will be permanently deprived of John M. Kee's consortium, all to her damage, in a total amount to be established by proof at trial, exceeding the amount of Twenty-Five Thousand Dollars $25,000.00.

32. There is now due Plaintiff Lisa Kee from Defendant Lachler a sum exceeding Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff Lisa Kee, prays for judgment against Defendant, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), that will fairly and reasonably compensate her for her injuries, for the losses she sustained and will sustain in the future, for the costs of these proceedings and for such other and further relief as the Court deems just and equitable.

THE INJURY COUNSEL

By: */s/ David J. Gregory*

DAVID J. GREGORY, #63651  
MARK C. ELLEBRACHT, #62873  
Attorneys for Plaintiffs  
7733 Forsyth Blvd, Ste 1100  
St. Louis, Missouri 63105  
(314) 727-7220  
(314) 727-7230  
dgregory@theinjurycounsel.com